**United States District Court**
For the Northern District of California

**E-FILED on** 11/13/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID FLETCHER, *et al*,<br><br>    Plaintiffs,<br><br>    v.<br><br>TERRY SOLOMON, *et al*,<br><br>    Defendants. | No. C-06-05492 RMW<br><br>ORDER GRANTING MOTION TO REMAND<br><br>**[Re Docket Nos. 14, 24, 31, 36, 37, 38]** |

    Plaintiffs David Fletcher *et al* move to remand this action to the California Superior Court. For the reasons set forth below, the court grants the motion.

### I. BACKGROUND

    Fletcher and several other individuals filed a complaint in the Santa Clara County Superior Court against Merrill Lynch Pierce Fenner & Smith Inc., Irene Ng, and thirteen other individuals and business entities. The complaint contains fifteen enumerated causes of action, entitled "Money Due on Default on Note," "Money Due on Dishonor of Check," "Intentional Misrepresentation," "Fraudulent Nondisclosure," "Negligent Misrepresentation," "Fraudulent Concealment," "Negligence," "Negligent Supervision," "Conversion based on Misrepresentation," "Conversion based on Agents [sic] Failure to Deposit Funds," "Accounting," "Unjust Enrichment based on Money Had and Received," "Federal Civil RICO Violations - 18 U.S.C. §§ 1962 and

1 1964," "Civil Conspiracy - Common Law and 18 U.S.C. § 1962(d)," and "Declaratory Relief."
2 Plaintiffs assert many of these causes of action, including the primary RICO cause of action,
3 against all defendants other than Merrill Lynch. Plaintiffs assert the RICO conspiracy cause of
4 action under 18 U.S.C. § 1962(d) against all defendants.

Plaintiffs have served only Merrill Lynch and Ng, and none of the other defendants have appeared in the action. Though plaintiffs filed returns of service for Merrill Lynch and Ng indicating that plaintiffs had served Merrill Lynch in June and Ng in July 2006, both defendants contested service. After some discussion, the parties agreed that Merrill Lynch and Ng would accept substituted service by mail under California Code of Civil Procedure § 415.30. Merrill Lynch and Ng signed and returned acknowledgments of such service on August 8 and 9, 2006, respectively.

On September 7, 2006, Ng and Merrill Lynch removed the action to this court, noting that federal-question jurisdiction existed over the RICO claims under 28 U.S.C. § 1331 and that supplemental jurisdiction existed over the other state-law claims under 28 U.S.C. § 1367. Seven days later, on September 14, 2006, plaintiffs moved for default against Merrill Lynch and Ng, claiming that the five days allotted to Merrill Lynch and Ng under Rule 81(c) for responding to the complaint ran on September 12, 2006.[1] On the afternoon of September 14, Merrill Lynch and Ng filed a motion to dismiss. The clerk properly declined the request for default the next day. Several hours later, plaintiffs filed both a motion to remand and a purported withdrawal of their now-denied motion for default.

Less than twenty-four hours before the hearing on plaintiffs' motion to remand, plaintiffs filed a notice that they were voluntarily dismissing without prejudice under Rule 41(a)(1) their two RICO claims (the only federal claims in the suit) and a handful of defendants.[2] Plaintiffs appear to meet the requirements of Rule 41(a)(1)—the defendants have not answered or moved for

---

[1] Plaintiffs, however, overlooked Rule 6(a), under which weekends are generally excluded from computation of periods of time of ten or fewer days.

[2] It has been represented to the court that plaintiffs dismissed all unserved defendants with citizenship diverse from that of the plaintiffs, though diversity of the parties was not discussed in the briefing on the motion to remand.

ORDER GRANTING MOTION TO REMAND—No. C-06-05492 RMW
JAH                                                                    2

1  summary judgment, and the plaintiffs have not dismissed "an action based on or including" these
2  RICO or conspiracy claims before—so the dismissal without prejudice was effective upon filing.
3  At the hearing on the motion to remand, the plaintiffs offered to make the dismissal of their federal
4  claims with prejudice if the court would grant the motion. The court therefore orders that the
5  dismissal of plaintiffs' federal claims is with prejudice.

## II. ANALYSIS

**A. Remand**

When the removability of an action is evident on the face of the complaint, the thirty-day time limit for removal begins to run when the defendant is served with the complaint. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006). This "time limit is mandatory and a timely objection to a late petition[3] will defeat removal," although "a party may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). The thirty-day limit for removal is a formality that may be waived, rather than a jurisdictional barrier. *Id.*; *see also American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17 (1951).

In *In re Moore*, the Supreme Court found a plaintiff had waived his right to move for remand on the following facts:

> After the removal the plaintiff, instead of challenging the jurisdiction of the United States court by a motion to remand, filed an amended petition in that court, signed a stipulation giving time to the defendant to answer, and then both parties entered into successive stipulations for a continuance of the trial in that court. Thereby the plaintiff consented to accept the jurisdiction of the United States court, and was willing that his controversy with the defendant should be settled by a trial in that court. The mere filing of an amended petition was an appeal to that court for a trial upon the facts averred by him as they might be controverted by the defendant. And this, as we have seen, was followed by repeated recognitions of the jurisdiction of that court.

*In re Moore*, 209 U.S. 490, 496 (1908), *abrogated in part on other grounds*, *Ex Parte Harding*, 219 U.S. 363 (1911). The Central District of California has explained what generally constitutes the

---

[3] In 1988, Congress changed the name of the document for removal from "petition of removal" to "notice of removal." Judicial Improvements and Access to Justice Act, Pub. L. 100-702, § 1016(b)(2)(A), 102 Stat 4642, 4669 (1988). The change in terminology is not relevant to the motion under consideration.

type of conduct which courts will construe as a waiver of a plaintiff's right to move for remand:

> To constitute a waiver or consent to the federal court's assumption of jurisdiction . . . there must be affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand, as where the party seeking remand has been unsuccessful in litigation of a substantial issue, such as the right to a jury trial or the right to take depositions or has filed an amended complaint seeking further or different relief from the federal court.

*Transport Indem. Co. v. Financial Trust Co.*, 339 F. Supp. 405, 408 (C.D. Cal. 1972) (quoting *Maybruck v. Haim*, 290 F. Supp. 721 (S.D.N.Y. 1968) (citations omitted)); *see also Fristoe*, 615 F.2d at 1212 (citing *Transport Indem.*).

The District of Oregon has twice ruled that a plaintiff who moves for default waives his right to later move for remand. *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1270-72 (D. Or. 2001); *Giraudo v. Henkels & McCoy*, 1993 WL 302354, *2-3 (D. Or. 1993). As that court noted, "an order of default, whether substantive or not, carries great significance. For example, once the default order is entered, the defaulted party can no longer contest liability." *Riggs*, 233 F. Supp. 2d at 1272.

However, under 28 U.S.C. § 1367(c)(3), a district court has discretion "to decline to exercise supplemental jurisdiction over" an action if it "has dismissed all claims over which it has original jurisdiction." *See also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-74 (1997); *O'Connor v. Nevada*, 27 F.3d 357, 362 (9th Cir. 1997). When considering whether to remand a cause of action, a court must consider whether remand will promote "the values of economy, convenience, fairness, and comity." *Executive Software N. Am., Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 24 F.3d 1545, 1553 (9th Cir. 1994).[4] In *Carnegie-Mellon University v. Cohill*, the Court stated:

> A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in

---

[4] With the enactment of 28 U.S.C. § 1367(c) in 1990, the statutory concept of supplemental jurisdiction replaced the common-law doctrines of pendant and ancillary jurisdiction. *Executive Software*, 24 F.3d at 1555-56. The changes wrought were relatively minor. *Id*. at 1556-57. Pre-§ 1367 caselaw still provides guidance for a court when deciding whether to exercise the discretion given for the four categories of cases listed in § 1367(c), such as the "economy, convenience, fairness, and comity" considerations of such cases as *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), and *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). *Executive Software*, 24 F.3d at 1557.

ORDER GRANTING MOTION TO REMAND—No. C-06-05492 RMW
JAH                                                          4

> determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case. The district courts thus can guard against forum manipulation without a blanket rule that would prohibit the remand of all cases involving pendent state-law claims.

484 U.S. 343, 357 (1988). Ordinarily, if all claims over which a district court has original jurisdiction have been dismissed before trial in a removed action, the remaining state-law claims should be remanded to state court. *See Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (*en banc*); *see also id.* (O'Scannlain, J., dissenting).

Merrill Lynch quotes from *Albingia Versicherungs A.G. v. Schenker International*, 344 F.3d 931, 938 (2003), *modified*, 350 F.3d 916, for the proposition that the Ninth Circuit will not "let [a plaintiff] take its chips off the table because it didn't like the dealer's hand."[5] In *Albingia*, the district court made a summary judgment ruling that both disposed of the federal issues in the case and decided the state-law issues unfavorably to the plaintiff. 344 F.3d at 934-35. The plaintiff did not attempt to have the case remanded until after the district court had ruled on the state-law issues. *Id.* at 936. This is different from the situation here, where the only unfavorable decision the plaintiffs have received is a denial by the clerk of their procedurally-defective request for default against Merrill Lynch and Ng.

Merrill Lynch and Ng vigorously argue that this court has discretion to continue exercising supplemental jurisdiction over this action. Merrill Lynch and Ng are correct that plaintiffs' motion for default was "affirmative conduct" invoking the power of the court which could justify denying their motion to remand, particularly as plaintiffs were unsuccessful. *See Transport Indem.*, 339 F. Supp. at 408. However, it is also clear that this court nevertheless has discretion to decline to exercise supplemental jurisdiction over this action, and there is a strong preference for remand in this situation. *See*, *e.g.*, *Carnegie-Mellon*, 484 U.S. 349-50; *Acri*, 114 F.3d at 1001.

---

[5] Under Civil L.R. 7-3(d), leave of court is required to file any motion papers after a reply has been filed. On the afternoon after the hearing on the motion to remand, Merrill Lynch submitted a letter addressing a district court's discretion to retain state-law claims after dismissal of all federal claims. Plaintiffs object and ask that the court either not consider the letter or grant them leave to respond. Though the plaintiffs have a valid objection, the court will consider the letter because of the timing of plaintiffs' dismissal of their federal claims. As the court is granting the motion to remand, the plaintiffs are not prejudiced by consideration of Merrill Lynch's letter.

ORDER GRANTING MOTION TO REMAND—No. C-06-05492 RMW
JAH                                                                 5

Here, plaintiffs clearly desire a state forum, as they could have filed this action as an original matter in federal court but chose not to do so. The plaintiffs are obviously more interested in their state claims than their federal claims, and the Ninth Circuit has found nothing wrong with plaintiffs promptly dropping federal claims and seeking to have a matter remanded. *Baddie v. Berkeley Farms*, 64 F.3d 487, 490-91 (9th Cir. 1995). Neither this court nor the Superior Court has put a substantial amount of work into this case. While it might be fair to not remand this action based on the plaintiffs' unsuccessful default request, the other concerns of economy, convenience, and comity would be served by returning to state court what is now at an early stage a purely state-law action. The motion for remand is therefore granted.

**B. Sanctions and Costs**

In their motion to remand, plaintiffs request attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). However, the plaintiffs are bound by the terms of their agreement regarding service on Merrill Lynch and Ng, so the removal was timely. That California Rule of Court 212(f) somehow constrains a defendant's ability to remove the case raises Supremacy Clause concerns. *See* U.S. Const. art. VI, cl. 2. Merrill Lynch and Ng's removal was therefore proper, and an award of fees or costs under § 1447(c) would not be "just" in this instance.

Merrill Lynch's oral request for sanctions under Rule 11 or the court's inherent powers is denied. *See* Fed.R.Civ.P. 11(c)(1)(A); Civil L.R. 7-8; *Baddie*, 64 F.3d at 491.

### III. ORDER

For the foregoing reasons, the court

1. denies all requests for fees, costs, or sanctions;
2. orders that the voluntary dismissal of plaintiffs' federal claims is with prejudice;
3. grants the plaintiffs' motion to remand; and
4. does not reach the merits of Merrill Lynch and Ng's motion to dismiss.

The clerk of this court shall, pursuant to 28 U.S.C. § 1447(c), mail a certified copy of this order to the clerk of the Santa Clara County Superior Court.

DATED: 11/13/06

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Andrew Vinson Stearns    astearns@loboinc.com
Robert M. Gagliasso
Ignascio G. Camarena

**Counsel for Defendants:**

Alexandra Wald
Gloria Patricia Flores    gfloresletelier@aol.com
James M. Davis
Lawrence T. Gresser
Oliver Haker
Blanca Fromm Young    blanca.young@mto.com
Marc T.G. Dworsky    dworskymt@mto.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    11/13/06        /s/ JH
**Chambers of Judge Whyte**